## (April 14, 1964)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER SLOANE, Appellant-Respondent, v. EDITH S. SLOANE, Respondent-Appellant.

*Per Curiam.* Appellant, father of the only child of the parties, procured a divorce in Massachusetts on March 25, 1963, on the grounds of respondent's cruel and abusive treatment. By the terms of the Massachusetts decree the mother was given custody of the 7-year-old daughter, but the father was granted substantial visiting rights. Because of refusal of the mother, who was residing in Bronx County in this State, to comply with the visitation directions the father applied for a writ of habeas corpus in the Supreme Court, Bronx County, to compel the mother to deliver the child for the six-week Summer visitation period to which he was entitled under the Massachusetts decree. By order dated July 26, 1963 the writ was granted and the mother ordered to surrender the child to the father for the visitation period. The concluding sentence of this order reads as follows: "ORDERED, that except for the foregoing permanent custody of the infant shall remain with Edith Staiger Sloane."

Shortly thereafter, the father commenced a proceeding in Massachusetts to modify the divorce decree to the extent of terminating support payments

and awarding custody of the child to him. After several days of hearings, at which the mother was represented and present, the application was granted and the decree modified accordingly. This decree is presently on appeal to the Supreme Judicial Court of Massachusetts.

The father then made application by order to show cause to modify the order of July 26, 1963 to the extent of deleting therefrom those provisions which required him to return the child following the visitation period, as in conflict with his right to permanent custody of the child under the last-mentioned Massachusetts decree. A short hearing was held at Special Term upon this application, in the course of which rather meagre testimony was taken from the father, from a psychiatrist and several lawyers, presumably bearing on the scope of the Massachusetts decree and the best interests of the child. Special Term denied the application to modify the July 26, 1963 order, in an opinion in which it characterized that previous order as one granting " permanent custody to the mother after a complete hearing."

It was in addressing itself to the prior order as a local, plenary adjudication of permanent custody that Special Term fell into error. On that application for a writ of habeas corpus the husband only sought enforcement of his visitation rights under the Massachusetts decree — before that decree was modified to grant his permanent custody. And a reading of the record upon the application to enforce his visitation rights indicates that neither the Judge nor the parties ever intended to litigate, modify, extend or readjudicate in that New York proceeding the issue of permanent custody that had been determined by the Massachusetts decree. The concluding sentence of the July 26, 1963 order quoted above was merely recitative of an acceptance of the Massachusetts directive as to custody at that time which was shared by the court and both parties. At the hearing on the return day of the writ of habeas corpus the Justice at Special Term stated specifically he was only interested in the six-week visitation period awarded the father and the mother's reasons for not complying. The brief hearing was confined to testimony of the husband and wife only.

Had the Special Term, Bronx County order of July 26, 1963 in fact been a *de novo* or plenary award of permanent custody to the wife, Special Term would have been justified in concluding that there had not been shown such an extraordinary intervening change in circumstances to warrant disturbing such a holding (*Ansorge* v. *Armour*, 267 N. Y. 492; *Matter of Lang* v. *Lang*, 9 A D 2d 401, affd. 7 N Y 2d 1029). But by the same token the court below should instead have addressed this standard to the advisability of disturbing the Massachusetts decree awarding custody to the father; and upon such consideration no sufficient showing has been made to support the granting of custody to the mother.

Under the circumstances, the order dated November 1, 1963 should be reversed, on the facts, the law and in the exercise of discretion, without costs, and the custody of the child awarded to the father appellant, and an order should be entered granting his motion to modify the order of July 26, 1963 so as to grant him custody of the child. Such custody shall not commence until 10 days after the expiration of the current school term. The provision for payment of counsel fee is stricken. Settle order.

Botein, P. J., Breitel, McNally, Stevens and Steuer, JJ., concur.

Order and judgment unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs, and the custody of the child awarded to the father appellant. Petitioner's motion to modify the order of July 26, 1963 so as to grant him custody of the child is granted. Such custody shall not commence until 10 days after the expiration of the current school

term. The provision for payment of counsel fee is stricken. Settle order on notice.